[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner was convicted after trial of the crime of possession of narcotics with intent to sell and sentenced to a term of imprisonment of twenty (20) years. He was represented by private counsel, Martin Minnella, Esq., whom, he claims, did not render effective assistance in the following three respects: (1) he failed to adequately advise him of the maximum penalty which could be imposed; (2) he failed to move to suppress the evidence that was seized as a result of a motor vehicle stop on the ground that there was no probable cause for the stop; and (3) Minnella's financial interest conflicted with the petitioner's interests to the detriment of the petitioner. The petitioner has failed to prove his claims.
The petitioner had a previous record for violating this state's narcotic laws. He had done time. In addition to the criminal conviction which is the basis of this habeas corpus petition, Mr. Smith had several other files pending simultaneously in other Judicial Districts. According to the testimony of his trial attorney, the petitioner was an uncooperative client. In addition to failing to attend scheduled appointments with his attorney, he failed to appear in court and was ordered rearrested on at least one occasion.
Minnella received an initial retainer of $8,000.00 to represent Mr. Smith in the instant matter as well as three other cases pending in the Judicial District of New Haven. CT Page 9658 The arrangement he made with his client was that Smith would pay additional sums in the event there was a trial, specifically $1,000.00 per day of trial. Minnella hired an investigator, Adrian Associates. The only tenable defense offered by the petitioner, according to Minnella, was that the guilty party was a man named "Mark". With that one clue having been offered by Smith, Minnella and his investigator determined that the individual fingered by the petitioner was Mark Baldwin. That defense went nowhere, however, when Minnella discovered that Baldwin was incarcerated on the date that Smith committed the crime for which he stands convicted.
During the course of the trial on the underlying offense, Minnella moved to withdraw as counsel. Among the reasons cited to the trial court was a statement made to Minnella by a so-called "consultant" retained by the petitioner. According to Minnella, the consultant stated that trial counsel attempt to bribe the judge, the prosecutor or both. Minnella also introduced a letter from the petitioner to the trial court in which Smith wrote that he was unhappy with Minnella's services, that Minnella spent insufficient time with him, that he and Minnella had disputes about the fee, and that his "consultant", a so-called investigation firm, Jehad Associates, recommended to the writer that he hire new counsel.
Also introduced at the hearing on Minnella's motion to withdraw was a letter from Minnella to Smith indicating that Smith had failed to keep six appointments set for the purpose of going over the file and discussing the potential witnesses. The Court denied the Motion to Withdraw unless other counsel appeared forthwith able to continue with the trial.
Marvin Smith was not a credible witness. This Court has no reason to believe that Minnella did any less for his client than his best. There is no reason to disbelieve Minnella's statement that the fact that Smith owed him money at the time of trial did not prevent him from doing his very best for his client. In fact, the transcript of the trial substantiates that assertion. In addition, Minnella succeeded in getting the petitioner concurrent time for the New Haven cases which were pending at the time the Waterbury case was being prosecuted.
With respect to the claim that Minnella should have filed and argued a Motion to Suppress based upon a lack of probable cause for the stop of the vehicle, Minnella stated that it was not his practice to file frivolous motions. Minnella testified that he felt that the stop was justified CT Page 9659 based upon his investigation of the case.
The petitioner's expert, Arthur Hadden, opined that a Motion to Suppress should have been filed. Mr. Hadden's opinion, however, was based strictly upon his reading of the transcript and his discussions with Smith's Habeas Attorney. Hadden did not have the benefit of discussing the case with the prosecuting authority at pre-trial conferences, reading the state's file, talking with Mr. Smith or any other witness or having access to any police reports.
Finally, there was a claim made that Minnella failed to advise Smith that the consequence of the state's adding the Part II information increased Smith's exposure from fifteen (15) to thirty (30) years. The petitioner presented no credible evidence to substantiate that proposition.
For the foregoing reasons, the petition for a Writ of Habeas Corpus is dismissed.
HON. HOWARD SCHEINBLUM Superior Court Judge